UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>APRIL WITTER, *et al.*,<br><br>Defendants. | Case No. 3:13-cv-00689-MMD-VPC<br><br>ORDER |

I. **DISCUSSION**

On February 25, 2014, this Court issued a screening order and permitted Plaintiff's First Amendment retaliation claim (Count I), Eighth Amendment deliberate indifference to medical needs claim (Count II), and Fourteenth Amendment due process claim (Count III) to proceed. (Dkt. no. 4 at 5-7, 9.) In his complaint, Plaintiff alleged that prison officials had taken away and refused to return his hypertension medication twice even though Plaintiff had informed prison officials that the medication helped to prevent him from having heart attacks. (*Id.* at 4.) As a result of the confiscations, Plaintiff suffered two heart attacks. (*Id.* at 4-5.) This case is currently in a ninety (90) day stay. (*Id.* at 9.)

On March 3, 2014, Plaintiff filed a motion for preliminary injunction. (Dkt. no. 6 at 1.) In the motion, Plaintiff alleged that prison officials had confiscated his hypertension medication a third time in January of 2014. (*Id.*) Plaintiff did not have a third heart attack but asserts that this incident has "brought back fears and has confirmed that [Ely State Prison ("ESP")] officials are trying to kill Plaintiff by causing him to have a heart attack."

(*Id.*) Plaintiff seeks injunctive relief in the form of a prison transfer. (*Id.* at 2.) Plaintiff seeks an order from this Court ordering Defendants to transfer Plaintiff to Northern Nevada Correctional Center or any other prison besides ESP. (*Id.*)

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (*quoting Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

As an initial matter, the Court recognizes that Plaintiff's request for a prison transfer is not the least intrusive means necessary to correct the harm. Nevertheless, the Court finds that, based on the facts alleged in the present motion, Plaintiff arguably states a colorable claim for Eighth Amendment deliberate indifference to medical needs. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (holding that to satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference"). Based on the allegations, Plaintiff could suffer irreparable harm by having another heart attack in the absence of his hypertension medication. As such, the Court orders the Attorney General's Office to advise the Court within seven (7) days of the date of the entry of this order whether it will enter a general notice of appearance on behalf of Defendants. Additionally, based on the nature of the allegations, Defendants shall also have seven (7) days from the date of this order to file their response to Plaintiff's motion for preliminary injunction. The Court specifically directs Defendants to address the confiscation of Plaintiff's hypertension medication.

## II. CONCLUSION

For the foregoing reasons, it is ordered that the Attorney General's Office shall advise the Court within seven (7) days of the date of entry of this order whether it can accept service of process for the named Defendants and enter a general appearance. In its notice, the Attorney General's Office shall advise the Court and Plaintiff of: (a) the names of the Defendants for whom it accepts service; (b) the names of the Defendants for whom it does not accept service, and (c) the names of the Defendants for whom it is filing last-known-address information under seal. As to any of the named Defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, the last known address(es) of those Defendant(s) for whom it has such information.

It is further ordered that Defendants shall file a response to Plaintiff's motion for preliminary injunction (dkt. no. 6) within seven (7) days of the date of entry of this order.

It is further ordered that the Clerk of the Court shall electronically serve a copy of this order, a copy of Plaintiff's complaint (dkt. no. 5), a copy of the screening order (dkt. no. 4), and a copy of Plaintiff's motion for preliminary injunction (dkt. no. 6) on the Office of the Attorney General of the State of Nevada, attention Kat Howe.

It is further ordered that, based on the nature of Plaintiff's motion for preliminary injunction, the prohibition on filing papers during the ninety (90) day stay is lifted for the purposes of responding to the motion for preliminary injunction and this order.

DATED THIS 5th day of March 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE