UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| LAUSTEVEION JOHNSON, | Case No. 3:13-cv-00689-MMD-VPC |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| APRIL WITTER, et al., | |
| Defendants. | |

I.   BACKGROUND

On February 25, 2014, this Court issued a screening order and permitted a portion of Plaintiff's First Amendment retaliation claim (Count I), Eighth Amendment deliberate indifference to medical needs claim (Count II), and Fourteenth Amendment due process claim (Count III) to proceed. (Dkt. no. 4 at 5-7, 9.) In his complaint, Plaintiff alleged that prison officials had taken away and refused to return his hypertension medication twice even though Plaintiff had informed prison officials that the medication helped to prevent him from having heart attacks. (Id. at 4.) As a result of the confiscations, Plaintiff suffered two heart attacks. (Id. at 4-5.) This case is currently in a ninety (90) day stay. (Id. at 9.)

On March 3, 2014, Plaintiff filed a motion for preliminary injunction. (Dkt. no. 6 at 1.) In the motion, Plaintiff alleged that prison officials had confiscated his hypertension medication a third time in January of 2014. (Id.) Plaintiff did not have a third heart attack but asserted that this incident had "brought back fears and ha[d] confirmed that [Ely State Prison ("ESP")] officials [were] trying to kill Plaintiff by causing him to have a heart

1    attack." (*Id.*) Plaintiff sought injunctive relief in the form of a prison transfer. (*Id.* at 2.)
2    Plaintiff sought an order from this Court ordering Defendants to transfer Plaintiff to
3    Northern Nevada Correctional Center or any other prison besides ESP. (*Id.*)
4          On March 5, 2014, this Court issued an order directing the Attorney General's
5    Office to file a response to Plaintiff's motion for preliminary injunction. (Dkt. no. 7 at 2.)
6    The Court specifically directed Defendants to address the confiscation of Plaintiff's
7    hypertension medication. (*Id.*)
8          In response to this Court's order, Defendants filed an opposition to Plaintiff's
9    motion for preliminary injunction and a motion for leave to file confidential medical
10   documents in support of their opposition. (Dkt. no. 13, 14.) Plaintiff also filed a motion
11   for reconsideration on this Court's screening order. (Dkt. no. 8.)

12   **II.    MOTION FOR PRELIMINARY INJUNCTION[1]**

13         In response to Plaintiff's motion for preliminary injunction, Defendants filed
14   exhibits that demonstrate the following: On October 7, 2012, correctional officers did
15   throw away an empty medication bottle. (Dkt. no. 14 at 3.) Plaintiff kited medical that
16   day, but did not mention a heart attack, and asked for a refill of his hypertension
17   medication on the basis that the correctional officers had lost it. (*Id.*) Medical noted that
18   no pills could have been confiscated because Plaintiff had not refilled his 30 day supply
19   of medication for over three months. (*Id.*) At his chronic care clinic appointment on
20   October 8, 2012, Plaintiff was told to either keep up with kiting for prescription refills or
21   he would be taken off the "keep on person" ("KOP") status for medication. (*Id.*) Plaintiff
22   did not comply and was taken off the KOP status from December 2012 through
23   February 2013. (*Id.*) During that time, prison officials had placed Plaintiff on "pill call" to
24   ensure that Plaintiff was refilling and taking his medication as prescribed. (*Id.*)

25
26   [1] The Court grants Defendants' motion for leave to file Plaintiff's confidential medical records under seal. (Dkt. no. 13 at 2.) Defendants assert that Plaintiff will not be
27   prejudiced by this under seal filing because a copy of the exhibit has been sent to the ESP Warden's Office and is available for Plaintiff to review under the supervision of
28   ESP's medical staff in accordance with prison regulations. (*Id.*)

Defendants argue that there was no medical evidence that Plaintiff had suffered a heart attack. (*Id.*) Dr. Michael Koehn was the only ESP physician who treated heart attack patients and there was no diagnoses of a heart attack from him or a report from Plaintiff that Plaintiff had suffered a heart attack. (*Id.*) Plaintiff had visited Dr. Koehn on October 8, 2012, the day after the alleged heart attack, and nothing unusual had been reported by Plaintiff or Dr. Koehn. (*Id.* at 3-4.)

Defendants also argue that there is no evidence that anyone took Plaintiff's blood pressure medication on October 29, 2012. (*Id.* at 4.) Additionally, on November 4, 2012, Plaintiff kited for a medication refill but did not mention anything about his medication being confiscated. (*Id.*) There is no evidence that Plaintiff had a second heart attack in the medical records or kite records. (*Id.*)

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (*quoting Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The Court denies Plaintiff's motion for preliminary injunction. (Dkt. no. 6.) Based on Defendants' exhibits, Plaintiff is unable to establish a likelihood of success on the merits for deliberate indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (holding that to satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference"). The exhibits demonstrate that prison officials have not failed to act or respond to Plaintiff's medical needs because Plaintiff has not

informed them of his needs regarding refills and alleged heart attacks. As such, the Court denies Plaintiff's motion for preliminary injunction.

III. **MOTION FOR RECONSIDERATION**

Plaintiff filed a motion for reconsideration challenging one specific portion of this Court's screening order. (Dkt. no. 8 at 1.) In its screening order, this Court found the following:

> Plaintiff fails to state a colorable retaliation claim against Manning and Larwrence for their actions on October 3, 2012. Based on Plaintiff's allegations, he had not filed any grievances or complaints against those officers before Manning ordered Larwrence to confiscate Plaintiff's property. As such, this portion of the claim is dismissed with prejudice as amendment would be futile.

(Dkt. no. 4 at 6.)

Plaintiff asks this Court to reconsider dismissing his First Amendment retaliation claim against Defendants Manning and Larwrence for their actions on October 3, 2012, because he did file grievances against Larwrence and other officers before Manning ordered Larwrence to confiscate his property on that date. (Dkt. no. 8 at 1.) Plaintiff directs the Court to the following allegation in Count 1 of his complaint: "Manning violated Plaintiff['s] 1st Amendment right by threatening Plaintiff's property, including his hypertension medication . . . all because Plaintiff had filed a myriad of grievances and because Plaintiff wanted to move an inmate into his cell." (*Id.* at 1-2; *see* dkt. no. 5 at 9.)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon

///

4

which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court has re-read Plaintiff's complaint and denies Plaintiff's motion for reconsideration. In his complaint, Plaintiff sets forth detailed allegations about the nature of his case and explains in chronological order what actions took place and when, including when he filed grievances and when officers confiscated his medication. (*See* dkt. no. 5 at 6-8.) In those allegations, it is clear that Plaintiff filed a grievance against Manning and Larwrence after the events of October 3, 2012. (*See id.*) In Count I of the complaint, Plaintiff does not provide a time period for the statement that he had "filed a myriad of grievances" against Defendant Manning. In reading the complaint as a whole, the Court finds that this conclusory statement that Plaintiff filed a myriad of grievances against Manning without a specific indication of when he filed those grievances fails to state a claim for First Amendment retaliation on October 3, 2012. As such, Plaintiff's motion for reconsideration is denied and this case shall proceed as indicated in this Court's February 25, 2014 screening order.

The Court further notes that this case is currently in a ninety (90) day stay to allow Plaintiff and Defendants an opportunity to settle their dispute before an answer is filed or the discovery process begins. (*See* dkt. no. 4 at 9.) The Court shall not entertain any other motions in this case until the conclusion of the ninety (90) day stay.

## IV. CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's motion for preliminary injunction (dkt. no. 6) is denied.

It is further ordered that Plaintiff's motion for reconsideration (dkt. no. 8) is denied.

It is further ordered that Defendants' motion for leave to file medical documents under seal (dkt. no. 13) is granted.

///

///

It is further ordered that this case is currently in a 90-day stay to allow Plaintiff and Defendants an opportunity to settle their dispute before an answer is filed or the discovery process begins.

It is further ordered that this Court shall not entertain any further motions in this case until the conclusion of the 90-day stay.

DATED THIS 14th day of March 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE